ORIGINAL

Receipt Number

542648

HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| UNITED STATES DISTRICT COURT | District | |
|---|---|---|
| | Eas | **Case: 2:06-cv-12175** |
| Name | Prisoner No | **Assigned To: Cleland, Robert H** |
| Anthony A. Nelson | 197094 | **Referral Judge: Scheer, Donald A** |

Place of Confinement
Handlon Correctional Facility
1728 Bluewater Hwy.
Ionia, MI 48846

**Filed: 05-11-2006 At 03:05 PM**
**HC NELSON V PRELESNIK (EW)**

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Anthony A. Nelson | V. | John Prelesnik |

The Attorney General of the State of:
Michigan

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Third Circuit Court for the State of Michigan, County of Wayne

2. Date of judgment of conviction  November 10, 1988

3. Length of sentence  50 - 100 years

4. Nature of offense involved (all counts)  Criminal Sexual Conduct-First, MCL 750.520B1A

5. What was your plea? (Check one)
   (a) Not guilty            **X**
   (b) Guilty                ☐
   (c) Nolo contendere       ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury                  ☐
   (b) Judge only            **X**

7. Did you testify at the trial?
   Yes **X**   No ☐

8. Did you appeal from the judgment of conviction?
   Yes **X**   No ☐

(2)

9.  If you did appeal, answer the following:

   (a) Name of court   Michigan Court of Appeals

   (b) Result   Affirmed

   (c) Date of result and citation, if known   May 9, 1990 - Case #115452

   (d) Grounds raised   **PLEASE SEE ATTACHED PAGE - 3a**


   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court   Michigan Supreme Court

      (2) Result   Denied


      (3) Date of result and citation, if known   March 29, 1991 - Case #89468

      (4) Grounds raised   **PLEASE SEE ATTACHED PAGE  3a**


   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court

      (2) Result


      (3) Date of result and citation, if known

      (4) Grounds raised


10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes **X**   No ☐

11. If your answer to 10 was "yes", give the following information:

   (a)  (1) Name of court   Third Circuit Court for the State of Michigan, County of Wayne

       (2) Nature of proceeding  Motion for New Trial/Resentencing


       (3) Grounds raised   **SEE ATTACHED PAGES  3a - 3b**

Cont. from page 3

9(d) Grounds Raised continued:

I      THE DEFENDANT'S SENTENCE MUST BE VACATED AND THIS CASE REMANDED TO THE TRIAL COURT BECAUSE THE SENTENCING JUDGE FAILED TO ARTICULATE HIS REASONS ON THE RECORD FOR DEPARING FROM THE GUIDELINES RECOMMENDED RANGE.

II      DEFENDANT'S CONVICTION FOR FIRST DEGREE CRIMINAL SEXUAL CONDUCT MUST BE REVERSED BECAUSE THE SOLE EVIDENCE OF THE ALLEGED PENETRATION WAS INSUFFICIENT TO ESTABLISH PROOF BEYOND A REASONABLE DOUBT OF INTRUSION INTO THE VAGINAL OPENING.

9(e)(4) Grounds Raised continued:

I      THE DEFENDANT'S SENTENCE MUST BE VACATED AND THIS CASE REMANDED TO THE TRIAL COURT BECAUSE THE SENTENCING JUDGE FAILED TO ARTICULATE HIS REASONS ON THE RECORD FOR DEPARING FROM THE GUIDELINES RECOMMENDED RANGE.

II      DEFENDANT'S CONVICTION FOR FIRST DEGREE CRIMINAL SEXUAL CONDUCT MUST BE REVERSED BECAUSE THE SOLE EVIDENCE OF THE ALLEGED PENETRATION WAS INSUFFICIENT TO ESTABLISH PROOF BEYOND A REASONABLE DOUBT OF INTRUSION INTO THE VAGINAL OPENING.

11(a)(3) Grounds Raised continued:

I.      WHERE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL REQUIRED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND MADE APPLICABLE TO THE STATE OF MICHIGAN THROUGH THE FOURTEENTH AMENDMENT BY TRIAL COUNSEL PLEADING HIS CLIENT GUILTY IN HIS CLOSING ARGUMENT AND BY OTHER EGREGIOUS MISTAKES OF COUNSEL DEPRIVED DEFENDANT OF A FAIR TRIAL AND A NEW TRIAL SHOULD BE GRANTED.

II.      WHERE THE SENTENCE IS EXCESSIVE, DISPROPORTIONATE, AND WAS INDIVIDUALIZED, AND THE SENTENCE WAS BASED ON IMPERMISSIBLE FACTORS AND WAS AN ABUSE OF DISCRETION, RESENTENCING IS REQUIRED.

III.     WHERE THERE IS SUFFICIENT EVIDENCE TO SUPPORT THE
         CONVICTION, AND DEFENDANT'S GUILT WAS NOT PROVED BEYOND A
         REASONABLE DOUBT, THE CONVICTION CANNOT STAND AND A NEW
         TRIAL IS REQUIRED.

IV.      WHERE THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE
         ASSISTANCE OF APPELLATE COUNSEL, GRANTING A NEW TRIAL AND
         A SECOND APPEAL WOULD BE IN ORDER.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result   Denied

(6) Date of result   May 21, 1999

(b) As to any second petition, application or motion give the same information:

(1) Name of court   Third Circuit Court for the State of Michigan, County of Wayne

(2) Nature of proceeding   Motion for Relief From Judgement

(3) Grounds raised   **SEE ATTACHED PAGE - 4a**

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No **X**

(5) Result   Denied

(6) Date of result   November 18, 2003

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.        Yes **X**   No ☐
(2) Second petition, etc.    Yes **X**   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages state additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Cont. from page 4.

11(b)(3) Grounds Raised continued:

I.      **DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE POLICE OFFICER OR THE PROSECUTING ATTORNEY DID NOT HAVE AN AFFIDAVIT FROM THE FATHER OR THE VICTIM QUALIFIED BEFORE THE WARRANT WAS ISSUED TO DETERMINE TRUTHFULNESS.**

II.     **DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE PROSECUTION DID NOT MEET IT'S BURDEN OF PROOF OF HAVING ENOUGH EVIDENCE FOR PROBABLE CAUSE**

III.    **DEFENDANT -APPELLANT DID MEET THE CAUSE AND PREJUDICE STANDARD SET FORTH IN MCR 6.508(D) IN EACH OF THE ABOVE ARGUMENTS BY SHOWING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE.**

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one:  PLEASE SEE ATTACHED PAGE 5a _____

_____

Supporting FACTS (state *briefly* without citing cases or law)_____

            PLEASE SEE ATTACHED PAGE 5a _____

_____

_____

_____

_____

_____

B.  Ground two:     PLEASE SEE ATTACHED PAGE 5b _____

_____

Supporting FACTS (state *briefly* without citing cases or law)_____

            PLEASE SEE ATTACHED PAGE 5b _____

_____

_____

_____

_____

_____

Cont. from page 5.

12 (A-G) continued:

**I      THE PETITIONER'S SENTENCE MUST BE VACATED AND THIS CASE
REMANDED T THE TRIAL COURT BECAUSE THE SENTENCING
JUDGE FAILED TO ARTICULATE HIS REASONS ON THE RECORD FOR
DEPARTING FROM THE GUIDELINES RECOMMENDED RANGE.**

It should be noted initially that the sentencing information report reflected the actual sentence

of 50 to 100 years, but there were no statements in the report regarding Judge Talbot's excessive

deviation.  The specific offense variables added up to 20 and the prior record variables to 10, these

place the Petitioner in the guideline range of 36 to 96 months.  Judge Talbot's sentence of 50 years

was six times the guidelines recommendation.  Although there was some discussion of accurate and

inaccurate scoring of the sentencing guidelines, Judge Talbot indicated that he was satisfied with the

scoring of offense variable one through nine, ordered 25 points for the penetration and 5 points for

the psychological injury.  Judge Talbot went on to quote some studies to which he had been exposed

and stated, "the guidelines can't reflect every factual situation."    It is Petitioner's contention that

the guidelines adequately reflected a series of factors to be considered by the sentencing judge, but

Judge Talbot apparently decided to consider his own factors and deviate erratically

**II     PETITIONER NELSON'S CONVICTION FOR FIRST DEGREE CRIMINAL
SEXUAL CONDUCT MUST BE REVERSED BECAUSE THE SOLE
EVIDENCE OF THE ALLEGED PENETRATION WAS INSUFFICIENT TO
ESTABLISH PROOF BEYOND A REASONABLE DOUBT.**

Complainant Lakesha Watson testified in response tot he question, "Tell Judge Talbot

what happened."  Answer, "He put it in me."  Question, "What did Tony put in you?"

Answer, "A dick inside me." Question, "Did Tony put his dick inside your pussy?" Answer, "Yes." Question, "Did he lay his dick on top of your pussy. Or did he go inside?" Answer, "Inside." Question, "Inside. You feel something? Answer, "Yes." Question, What did you feel? Did it hurt her?" Answer, "Yes." Question, "Were you still laying on the mattress when this happened?" Answer, "No." This was the sole testimony presented at trial. The witness was impeached with her prior statements. She was asked, "Now the last time me and you spoke, okay, I asked you if Tony hurt you when he supposedly put his peanut in your cat. You said, 'no'. Is that right?" Answer, "No." Question, "You didn't say no?" Answer, "I said no." Question, "He had most of his clothes on at the time. Isn't that right?" Answer, "Yes." Question, "He never took his pants off?" Answer, "No." Question, "He never took his shirt off?" Answer, "No." (TT 1, p. 18).

In this case, the evidence of penetration supporting the charge of first-degree criminal sexual conduct was the testimony of the Complainant. The Complainant described the events which led to the criminal charges as follows but then indicated that the events occurred not while still lying on the mattress. (TT 1, p. 12). Many questions should be raised - does this testimony indicate the penetration occurred while Petitioner was standing? The equivocal statement coupled with the cross-examination questions leave great doubt as to what happened.

Furthermore, there was no medical evidence of penetration. All that is certain from the evidence produced at trial against Petitioner is that it is possible that there was no corroborating medical evidence. This does not amount to proof beyond a reasonable doubt. A felony conviction should not rest on such meager evidence. This Court should vacate Petitioner's conviction for first-degree criminal sexual conduct. This court should also

- 5b -

remand to the trial court for resolution of whether a lesser crime was committed. If the trial

court finds that a lesser offense was committed, a resentencing must be granted.

III     **WHERE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL REQUIRED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND MADE APPLICABLE TO THE STATE OF MICHIGAN THROUGH THE FOURTEENTH AMENDMENT BT TRIAL COUNSEL PLEADING HIS CLIENT GUILTY IN HIS CLOSING ARGUMENT ANE BY OTHER SERIOUS EGREGIOUS MISTAKES OF COUNSEL DEPRIVED DEFENDANT OF A FAIR TRIAL AND A NEW TRIAL SHOULD BE GRANTED.**

In the instant case, trial counsel pled his client guilty to a lesser charge, did not object to the

prosecutor vouching for the credibility of its chief witness, counsel did not object to the sentencing

court using a counsel-less juvenile adjudication to enhance the scoring and sentence, and trial

counsel did not seek an adjournment in an attempt to provide documented evidence that the

Defendant had no case of venereal disease when Mr. Nelson explained to counsel the he had taken

the test while in jail.

Mr. Nelson did not agree with the trial tactics of counsel and Mr. Nelson was

unconstitutionally denied a fair trial and due process because the record does not affirmatively show

that he agreed to his counsel's decision. Trial counsel's closing argument amounted to a functional

equivalent of a guilty plea.

Specifically, Counsel stated

"MR. HUNTER: Your Honor, it would be our contention that CSC 1 is an in appropriate charge here ... I do believe the more appropriate charge would be CSC 2." (Vol. II, WT, pp14, 15)

Counsel's argument represented the precise admission which the Petitioner rejected in making his initial plea of "not guilty". Counsel made this remark in closing argument, with the knowledge of Petitioner's earlier "not guilty" plea and without Petitioner's consent.

If counsel thought that the proof was not there for the charge of CSC 1, he should have moved for a verdict of directed acquittal; this was a serious mistake which amounted to the functional equivalent of a guilty plea without the consent of Petitioner.

Trial counsel also did not object to the prosecution vouching for the credibility of the complainant, it's chief witness, when the prosecution stated: "[I] find Lakesha Watson to be a very credible witness"; this was error and prosecutorial misconduct which was not preserved for appellate review because counsel did not object.

Trial counsel also failed to file a motion for an adjournment in order to seek time to obtain the venereal disease result, which was taken by his client in order to establish that Petitioner did not have gonorrhea and did not contract it from the victim nor give it to the victim; nor did counsel seek to have an expert testify to how and why a person could contract such a disease nor show had is client had any form of sexual contact with the victim he would himself have been exposed to the disease and would have contracted it.

These cumulative effects and egregious errors deprived Petitioner of a fair trial and a new trial is warranted in this case.

## IV    WHERE THE SENTENCE IS EXCESSIVE, DISPROPORTIONATE, AND WAS NOT INDIVIDUALIZED, AND THE SENTENCE WAS BASED ON IMPERMISSIBLE FACTORS AND WAS AN ABUSE OF DISCRETION, RESENTENCING IS REQUIRED.

In the instant case, Petitioner had one prior on his criminal record, which was as a juvenile which was constitutionally barred from being used against him because Petitioner had no counsel at the juvenile proceeding. The sentencing court stated that it was not relying on the juvenile record that Petitioner had in 1981, at age 14, however, the sentencing judge numerously stressed the fact that Petitioner was involved   in a prior similar case with another sister. This was improper to consider at sentencing, since it was constitutionally infirm and was improper to consider in the scoring guidelines.

The court also failed to note it's reasons for the departure from the guidelines of 36 to 96 months on the Sentencing Information Report (SIR), and on the record.

The sentencing court in the present case did not individualize the sentence to Petitioner; instead, it stated that it wished to protect society from Petitioner and stressed the prior juvenile conviction and how it was a similar case. Still the court did not articulate why the guidelines were not appropriate nor note the reason for the sentenced imposed on the record or on the SIR.

The guidelines called for 36 (3 years) to 96 months (8 years), the court imposed a sentence of 50 to 100 years, which is four times more outside of the guideline range.

Wherefore, Petitioner requests this Honorable Court to resentence him based on the principles of proportionality and individualism, and to not it's reasons for the sentenced imposed on the record and on the SIR.

**V      WHERE THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE
CONVICTION AND PETITIONER'S GUILT WAS NOT PROVED BEYOND
A REASONABLE DOUBT , THE CONVICTION CANNOT STAND AND A
NEW TRIAL IS REQUIRED.**

During trial, Dr. Hashim Yar of the Children's Emergency Room, testified that the alleged victim's hymen was still intact, and that there was no bruising, swelling, or abrasions to the genitalia and that the victim had "gonorrhea" (Vol II, WT, p7).

Petitioner, while at the Wayne County Jail. made a request for a V.D. test to see if he had "gonorrhea"; Petitioner advised his counsel of the test that he took and stated that the results were not back yet. Counsel did not seek to adjourn the court proceedings while awaiting the test results. The result clearly shows that Petitioner did not have "gonorrhea".

There is nothing on the record that supports the alleged crime nor evidence to support that Petitioner committed a crime; it is firmly believed that Judge Talbot based his finding of guilt against Petitioner because of the Petitioner's prior juvenile record and not the case before him. Therefore, Petitioner requests this Honorable Court to reverse his conviction and order a new trial and a new appeal; or in the alternative, discharge Petitioner from custody.

## VI  WHERE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLANT COUNSEL, GRANTING A NEW TRIAL AND A SECOND APPEAL WOULD BE IN ORDER.

In the present case, Appellate counsel failed to raise issues I - IV in this Petition in his Appeal of Right and failed to federalize the ones that were raised. Petitioner asked his appellate counsel to raise the issue of ineffective assistance of counsel and to raise the issue concerning "gonorrhea" issue when arguing the sufficiency of the evidence issue. Therefore, Petitioner requests this Honorable Court to reverse his conviction and order a new trial and a new appeal.

- 5f -

**VII    PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE POLICE OFFICE OR THE PROSECUTING ATTORNEY DID NOT HAVE AN AFFIDAVIT FROM THE FATHER OR THE VICTIM QUALIFIED BEFORE THE WARRANT WAS ISSUED TO DETERMINE TRUTHFULNESS**

In the case at bar, the Judge did not require that the father, the mother, nor the victim, or two other alleged witnesses, appear before the court and give sworn-in testimony to the facts of the alleged crime.

The record shows that none of these individuals ever gave sworn testimonies before the warrant was issued, and this prejudiced Petitioner because this allowed the information to change as a result of the victim being coached to say certain things like "cat" and "peanut", which later changed to "pussy" and "dick," for which Lakesha Rochelle Watson was told to say these thing by the prosecution.

A complaint must provide a foundation for the judgement. It must provide the deponent's answer to the magistrate's hypothetical question: "What makes you think that the defendant committed the offense charged?" This question can not be answered after the warrant was issued. And this does not mean that the complaining witness be ignored, simply, this means that the investigator needs to get the facts for the arrest, such as a sworn statement from the victim, or evidence such as a report of the examination performed on the alleged victim Lakesha Watson . Had those responsible for investigating the alleged crime of sexual conduct in the first degree, the facts would have shown that no penetration occurred and that the victim somehow incurred a sexually transmitted disease that Petitioner did not have and tested negative for.

Proof of Petitioner's innocence lies in the very fact that Dr. Yashim Yar, the prosecution's witness, stated on the record that there was no evidence of penetration, the hymen was intact, that the labia minora was not bruised nor was there any abrasions to the gentalia, and no evidence of

- 5g -

sperm was found concerning the victim, Lakesha Watson. Thus Petitioner points out several facts

that would show the warrant to be defective as to the charge of criminial sexual conduct in the first

degree as follows:

1. The examination by the Doctor performed on the victim showed that there was
   no tears within the victim's vagina nor any physical evidence of sexual
   intercourse.

2. It was also determined that the victim had a sexually transmitted disease, for
   which the Petitioner tested negative for.

3. No other persons were tested to determine if they had this sexually transmitted
   disease that the victim was infected with.

4. Petitioner's lady friend of whom he was sexually involved with did not have this
   sexually transmitted disease that the victim had.

5. There were no factual nor reliable evidence that a criminal sexual conduct in the
   first degree occurred as alleged for which the testimony of the Doctor proved
   Petitioner could have sexually assaulted the victim in the first degree as charged
   by the Prosecution.

6. While the Petitioner was locked up in the county jail, the Judge requested certain
   tests be performed on the Petitioner for which further proves his innocence.

All these factors goes against the great weight of evidence and establishes a basis that a

miscarriage of justice has resulted in this case at bar before the Michigan Court of Appeals.

It may be necessary to remand this matter for an evidentiary hearing in order to make a separate

record, to establish that the request for the arrest warrant was defective and/or unconstitutional.


## VIII   PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE PROSECUTION DID NOT MEET IT'S BURDEN OF PROOF OF HAVING ENOUGH EVIDENCE FOR PROBABLE CAUSE.

In the case at bar, the Prosecution failed to meet it's burden. Petitioner asserts that he did meet

the requirements necessary to establish cause and prejudice burdens. As recorded within the record,

the preliminary examination transcripts at page 14, where the victim stated that she did not feel any

pain, "clearly" demonstrates that there was no penetration to this victim, and this fact establishes the

evidentiary challenge of MCR 6.508(D), thereby, creating reasonable doubt that criminal sexual

conduct in the first degree never happened alleged, showing that Petitioner is actually innocent of

the charge.

## IX   PETITIONER DID MEET THE CAUSE AND PREJUDICE STANDARD SET FORTH IN MCR 6.508(D) IN ARGUMENTS V - VII WITHIN THIS PETITION BY SHOWING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE.

The sentencing court has echoed that this case has no merit. Petitioner asserts that the trial court

failed to follow the law argued within Grounds V - VII of this petition. This Honorable Court cannot

underestimate the merits of Petitioner's constitutional errors and his claim of actual innocence.

Petitioner submits that there was ineffective assistance of appellate counsel regarding the failure

of the appeal attorney to research, investigate, identify, and raise two significant issues cited herein

this petition as grounds V - VII.

Petitioner brings to this Court's attention Administrative Order 1981-7, sections 9, 10, and 13.

While Administrative Order 1981-7, sections 9, 10, and 13 are not binding in evaluating an

ineffective assistance of counsel claim, they are persuasive. They provide:

1. Counsel should assert claims of error which are supported by facts of record, which will benefit the defendant if successful, which possess arguable legal merit, and which should be recognized by a practitioner familiar with criminal law and procedure who engages in diligent legal research.

2. Counsel should not hesitate to assert claims which may be complex, unique, or controversial in nature, such as issues of first impression, challenges of the effectiveness of other defense counsel, or arguments for changes in the existing law.

3. Counsel should seek to utilize publicly funded support services designed to enhance their capacity to present the law and facts to the extent that such services

are available and may significantly improve the representation they can provide.

Appellate counsel ignored the strongest issues cited herein as grounds V - VII, which cast doubt on the fairness of the trial and the correctness of the verdict, issues which would have won if raised. Petitioner says that these two issues were significant and obvious, however, appellant counsel deemed them not important, making his performance deficient.  Due to appellant counsels error, there is a reasonable probability that the outcome of the case would be different.

Ineffective assistance of appellate counsel is "cause" for failing to raise an issue on an  appeal of right.

It is worth noting that Petitioner is uneducated in law, ans knows nothing of the procedures nor rules of the appellate courts, thereby making it impossible for him to know what was right or wrong in his trial proceedings.   The fact is, Petitioner did not ask appellate counsel for help and guidance pertaining to the two arguments mentioned above.  Petitioner says appellate counsel was obligated to give assistance, for which he never received

C.   Ground three: _____ PLEASE SEE ATTACHED PAGES 5c - 5d _____

_____

Supporting FACTS (state *briefly* without citing cases or law)   PLEASE SEE ATTACHED PAGES 5c - 5d ___

_____

_____

_____

_____

_____

D.   Ground four: _____

PLEASE SEE ATTACHED PAGES 5d - 5c _____

Supporting FACTS (state *briefly* without citing cases or law)   PLEASE SEE ATTACHED PAGES 5d - 5c ___

_____

_____

_____

_____

_____ FOR GROUNDS V - IX, PLEASE SEE ATTACHED PAGES 5e -5j _____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly*
     what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
     Yes ☐   No **X**

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
     herein:
     (a)  At preliminary hearing ____ Burton Hunter _____

_____

     (b)  At arraignment and plea _____

_____

(c) At trial  Burton Hunter

(d) At sentencing    Burton Hunter

(e) On appeal      Michael Courtney, 1638 S. Wayne Rd., Westland, MI 48185

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No **X**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No **X**
   (a) If so, give name and location of court which imposed sentence to be served in the future:

   (b) Give date and length of the above sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which the sentence to be served in the future?
   Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

9/27/06
(date)

_____
Signature of Petitioner

# CIVIL COVER SHEET FOR PRISONER CASES

| Name of 1st Listed Plaintiff | Name of 1st Listed Defendant |
|---|---|
| Anthony A. Nelson | John Prelesnik |
| Inmate Number: 197094 | Defendant's County of Residence (If located in Michigan) Ionia |

## FACILITIES, LISTED ALPHABETICALLY

□ ALGER MAXIMUM CORRECTIONAL FACILITY
INDUSTRIAL PARK DRIVE
P.O. BOX 600
MUNISING, MI 49862
ALGER COUNTY

□ FLORENCE CRANE CORREC FACILITY
38 FOURTH STREET
COLDWATER, MI 49036
BRANCH COUNTY

**Case: 2:06-cv-12175**
**Assigned To: Cleland, Robert H**
**Referral Judge: Scheer, Donald A**
**Filed: 05-11-2006 At 03:05 PM**
**HC NELSON V PRELESNIK (EW)**

RECTIONAL FACILITY
DE DRIVE

□ BARAGA MAXIMUM CORRECTIONAL FACILITY
301 WADAGA ROAD
BARAGA, MI 49908
BARAGA COUNTY

□ G.ROBERT COTTON CORRE FACILITY
3500 N. ELM ROAD
JACKSON, MI 49201
JACKSON COUNTY

ST. LOUIS, MI 48880
GRATIOT COUNTY

CORRECTIONAL

47500 FIVE MILE ROAD
PLYMOUTH, MI 48170
WAYNE COUNTY

□ BELLAMY CREEK CORRECTIONAL FACILITY
1727 W. BLUEWATER HIGHWAY
IONIA , MI 48846
IONIA COUNTY

□ GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221
LENAWEE COUNTY

□ MOUND CORRECTIONAL FACILITY
17601 MOUND ROAD
DETROIT, MI 48212
WAYNE COUNTY

□ RYAN CORRECTIONAL FACILITY
17600 RYAN ROAD
DETROIT, MI 48212
WAYNE COUNTY

□ BOYER ROAD CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811
MONTCALM COUNTY

⊠ HANDLON MICHIGAN TRAINING UNIT
1728 BLUEWATER HIGHWAY
IONIA, MI 48846
IONIA COUNTY

□ MUSKEGON CORRECTIONAL FACILITY
2400 S. SHERIDAN DRIVE
MUSKEGON, MI 49442
MUSKEGON COUNTY

□ SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623
SAGINAW COUNTY

□ CARSON CITY CORRECTIONAL FACILITY
10522 BOYER ROAD
CARSON CITY, MI 48811
MONTCALM COUNTY

□ HIAWATHA CORRECTIONAL FACILITY
4533 W. INDUSTRIAL PARK DRIVE
KINCHELOE, MI 49786-0001
CHIPPEWA COUNTY

□ NEWBERRY CORRECTIONAL FACILITY
3001 NEWBERRY AVENUE
NEWBERRY, MI 49868
LUCE COUNTY

□ SOUTHERN MICHIGAN CORRECTIONAL FACILITY
4002 COOPER STREET
JACKSON, MI 49201
JACKSON COUNTY

□ CHARLES EGELER RECEPTION AND GUIDANCE CENTER
3855 COOPER STREET
JACKSON, MI 49201-7547
JACKSON COUNTY

□ HURON VALLEY CENTER
3511 BEMIS ROAD
YPSILANTI, MI 48197
WASHTENAW COUNTY

□ OAKS CORRECTIONAL FACILITY
1500 CABERFAE HIGHWAY
EASTLAKE, MI 49626-0038
MANISTEE COUNTY

□ ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880
GRATIOT COUNTY

□ CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784
CHIPPEWA COUNTY

□ HURON VALLEY CORRECTIONAL FACILITY
3201 BEMIS ROAD
YPSILANTI, MI 48197
WASHTENAW COUNTY

□ OJIBWAY CORRECTIONAL FACILITY
N5706 OJIBWAY ROAD
MARENISCO, MI 49947-9771
GOGEBIC COUNTY

□ STANDISH MAXIMUM CORRECTIONAL FACILITY
4713 W. M-61
STANDISH, MI 48658
ARENAC COUNTY

□ COOPER STREET CORRECTIONAL FACILITY
3100 COOPER STREET
JACKSON, MI 49201
JACKSON COUNTY

□ IONIA MAXIMUM CORRECTIONAL FACILITY
1576 W. BLUEWATER HIGHWAY
IONIA, MI 48846
IONIA COUNTY

□ PARNALL CORRECTIONAL FACILITY
1780 E. PARNALL
JACKSON, MI 49201
JACKSON COUNTY

□ STRAITS CORRECTIONAL FACILITY
4387 W. M-80
KINCHELOE, MI 49785-0001
CHIPPEWA COUNTY

□ DEERFIELD CORRECTIONAL FACILITY
1785 HARWOOD ROAD
IONIA, MI 48846
IONIA COUNTY

□ KINROSS CORRECTIONAL FACILITY
16770 S. WATERTOWER DRIVE
KINCHELOE, MI 49788
CHIPPEWA COUNTY

□ PARR HIGHWAY CORRECTIONAL FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221
LENAWEE COUNTY

□ THUMB CORRECTIONAL FACILITY
3225 JOHN CONLEY DRIVE
LAPEER, MI 48446
LAPEER COUNTY

□ EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444
MUSKEGON COUNTY

□ LAKELAND CORRECTIONAL FACILITY
141 FIRST STREET
COLDWATER, MI 49036
BRANCH COUNTY

□ PINE RIVER CORRECTIONAL FACILITY
320 N. HUBBARD
ST. LOUIS, MI 48880
GRATIOT COUNTY

□ WAYNE COUNTY JAIL
570 CLINTON STREET
DETROIT, MI 48226
WAYNE COUNTY

□ FEDERAL CORRECTIONAL INSTITUTION - MILAN
P.O.BOX 1000
MILAN, MI 48160-1090
WASHTENAW COUNTY

□ MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD
NEW HAVEN, MI 48048
MACOMB COUNTY

□ PUGSLEY CORRECTIONAL FACILITY
7401 EAST WALTON ROAD
KINGSLEY, MI 49649
GRAND TRAVERSE COUNTY

□ WEST SHORELINE CORRECTIONAL FACILITY
2500 S. SHERIDAN DIRVE
MUSKEGON HEIGHTS, MI 49444
MUSKEGON COUNTY

**OFFICE USE ONLY**

| PLAINTIFF ADDRESS: (IF NOT ABOVE) | BASIS OF JURISDICTION | ORIGIN | FEE STATUS |
|---|---|---|---|
| | □ 2 US GOVERNMENT DEFENDANT | ☑ 1 ORIGINAL PROCEEDING | □ IFP IN FORMA PAUPERIS |
| | ☑ 3 FEDERAL QUESTION | □ 2 REMOVED FROM STATE COURT | □ WAI WAIVED |
| | □ 4 DIVERSITY | □ 5 TRANSFERRED FROM ANOTHER DISTRICT COURT | ☑ PD PAID |

| PLAINTIFF'S COUNTY OF RESIDENCE | NATURE OF SUIT | JURY DEMAND | CASE OPENING |
|---|---|---|---|
| | □ 510 MOTION TO VACATE | CHECK YES ONLY IF DEMANDED IN COMPLAINT | ☑ OPEN AS CV |
| | ☑ 530 HABEAS CORPUS | | □ NO CREDIT REASSIGN TO |
| | □ 535 HABEAS/DEATH PENALTY | ☑ NO | (MOTION TO VACATE - 2255) |
| | □ 540 MANDAMUS | □ YES | |
| | □ 550 CIVIL RIGHTS | | |
| | □ 555 PRISON CONDITIONS | | |

**PURSUANT TO LOCAL RULE 83.11**

1.  Is this a case that has been previously discontinued or dismissed?   □ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case Number: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued   □ Yes   ☒ No
    or dismissed companion cases in this or any other court, including state
    court? *(Companion cases are matters in which it appears substantially
    similar evidence will be offered or the same or related parties are present
    and the cases arise out of the same transaction or occurrence.)*

    If yes, give the following information:

    Court: _____

    Case Number: _____

    Judge: _____

Notes: