# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

ANTHONY A. NELSON,

             Petitioner,

v.                                                        Case No. 2:06-12175

JOHN PRELESNIK,

             Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE WITH PREJUDICE

Petitioner Anthony A. Nelson has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the court is Respondent's motion for summary judgment, which argues that the petition is untimely. Because the court agrees that the petition is untimely, the court will dismiss it and grant Respondent's motion.

### I. BACKGROUND

Following a bench trial in Wayne Circuit Court in October of 1988, Petitioner was convicted of first-degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(a). The conviction arose from allegations that Petitioner sexually penetrated his seven-year-old sister on August 6, 1988, at 2210 Gray Street in Detroit.

The trial court sentenced Petitioner to imprisonment for fifty to one hundred years. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, *see People v. Nelson*, No. 115453 (Mich. Ct. App. May 9, 1990), and, on March 29, 1991, the Michigan Supreme Court denied leave to appeal, *see People v. Nelson*, No.

89468 (Mich. Sup. Ct. Mar. 29, 1991).

According to Respondent, Petitioner filed a motion for new trial on May 21, 1999.[1] The trial court denied the motion on the same day. The Michigan Court of Appeals denied leave to appeal the trial court's decision, *see People v. Nelson*, No. 222357 (Mich. Ct. App. July 11, 2000), and on December 27, 2000, the Michigan Supreme Court likewise denied leave to appeal, *see People v. Nelson*, No. 117387 (Mich. Sup. Ct. Dec. 27, 2000).

On October 23, 2002, Petitioner filed a motion for relief from judgment, which the trial court denied. The Michigan Court of Appeals dismissed Petitioner's subsequent appeal for lack of jurisdiction because Petitioner was attempting to appeal the denial or rejection of a successive post-conviction motion. *See People v. Nelson*, No. 256758 (Mich. Ct. App. Aug. 18, 2004). The Michigan Supreme Court denied leave to appeal on the ground that Petitioner's second post-conviction motion was barred by Michigan Court Rule 6.502(G). *See People v. Nelson*, No. 127004 (Mich. Sup. Ct. May 31, 2005).

Petitioner signed his habeas corpus petition on April 27, 2006, and it was filed by

---

[1] The trial court's journal entry for May 21, 1999 indicates that the motion was denied on that day. There is no other journal entry on the motion, and it is unclear to this court whether the motion was also filed on May 21, 1999. However, Petitioner does not contest Respondent's version of the facts, and Respondent's contention that the motion was filed on May 21, 1999, has support in the record. In one of his state court applications for leave to appeal, Petitioner wrote that a *pro se* request for resentencing was denied on May 17, 1999, and that a motion for new trial *"was then filed and denied on May 21, 1999."* *See* Statement of Facts in Application for Leave to Appeal dated July 12, 2004, Michigan Court of Appeals No. 256758 (emphasis added). The record clearly supports a conclusion that Petitioner's motion for new trial was filed on or about May 21, 1999.

the Clerk of Court on May 11, 2006. He asserts the following grounds for relief:

    I.      The petitioner's sentence must be vacated and this case remanded to the trial court because the sentencing judge failed to articulate his reasons on the record for departing from the guidelines recommended range.

    II.     Petitioner Nelson's conviction for first degree criminal sexual conduct must be reversed because the sole evidence of the alleged penetration was insufficient to establish proof beyond a reasonable doubt.

    III.    Where defendant was denied the effective assistance of trial counsel required under the Sixth Amendment of the United States Constitution and made applicable to the State of Michigan through the Fourteenth Amendment [by] trial counsel pleading his client guilty in his closing argument and by other serious egregious mistakes of counsel deprived defendant of a fair trial and a new trial should be granted.

    IV.    Where the sentence is excessive, disproportionate, and was not individualized, and the sentence was based on impermissible factors and was an abuse of discretion, resentencing is required.

    V.     Where there is insufficient evidence to support the conviction and Petitioner's guilt was not proved beyond a reasonable doubt, the conviction cannot stand and a new trial is required.

    VI.    Where Petitioner was denied the effective assistance of appella[te] counsel, granting a new trial and a second appeal would be in order.

    VII.   Petitioner was denied his constitutional rights when the police office[r] or the prosecuting attorney did not have an affidavit from the father or the victim qualified before the warrant was issued to determine truthfulness.

    VIII.  Petitioner was denied his constitutional rights when the prosecution did not meet its burden of proof of having enough evidence for probable cause.

    IX.   Petitioner did meet the cause and prejudice standard set forth in MCR 6.508(D) in arguments V - VII within this

>petition by showing ineffective assistance of appellate counsel in violation of the Fourteenth Amendment Due Process Clause.

## II.  DISCUSSION

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period of limitations for habeas petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d).  The limitations period runs from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For inmates like Petitioner, whose convictions became final before the AEDPA was enacted on April 24, 1996, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions.  *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *reversed on other grounds*, 530 U.S. 1257 (2000).  Because Petitioner did not file his habeas petition until 2006, his pleading is time-barred, absent tolling.

The limitations period is tolled tor "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  However, Petitioner filed both of his post-conviction motions after the one-year limitations period expired. The filing of the motions did not delay the date on which Petitioner's conviction became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), nor otherwise effect the statute of limitations, because the limitations period had already expired.  *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

### B.  Equitable Tolling

Petitioner does not dispute Respondent's statement of facts, nor deny that he failed to comply with the statute of limitations.  He urges the court to equitably toll the limitations period on the basis that he is actually innocent of the crime for which he was convicted.

### 1.  Actual Innocence

"The United States Supreme Court has held that a claim of actual innocence can be raised 'to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims.'"  *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)).  And, in *Souter*, the Court of Appeals held that "constitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence."  *Id.* at 601.  Thus, "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."  *Id.* at 602.

The Supreme Court stated in *Schlup* that, to be credible, a claim of actual innocence requires the petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. 298, 324 (1995).  "[T]he *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence."  *House v. Bell*, __ U.S. __, 126 S. Ct. 2064, 2077 (2006).  Nor is the gateway actual-innocence standard equivalent to the standard for sufficiency-of-the-evidence claims.  *Id.* at 2078.  Instead, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."  *Id.* at 2077.

**2. Petitioner Has Not Submitted New Evidence of Actual Innocence**

Petitioner asserts that there was no medical evidence of sexual penetration and that his trial was a credibility contest between the complainant and him.  He further alleges that the complainant had gonorrhea, but he did not contract it from her, nor give it to her.

The seven-year-old complainant testified that, while she was visiting her mother one summer, Petitioner called her upstairs, took off his and her clothes, got on top of her, and penetrated her "pussy" with his "dick."  (Tr. Oct. 21, 1988, at 6-13.)  This testimony was supported by the testimony of the complainant's (and Petitioner's) cousin, who stated that, when he went upstairs to find Petitioner, he observed the complainant lying on a mattress.  Petitioner was getting up from the mattress and

6

pulling up his pants. (*Id.* at 21-29.) The complainant's older brother (and Petitioner's younger brother) testified that he saw Petitioner lying on top of the complainant, whose dress was up by her chest and whose underpants were down by her knees. Petitioner then jumped up and zipped up his pants. (*Id.* at 30-38.)

A physician testified that he examined the complainant and did not find any sperm. The physician also stated that the complainant's hymen was intact, but the intact hymen did not rule out the possibility of sexual penetration. The complainant had gonorrhea, but the physician could not say who was the source of the sexually transmitted disease. He explained that the disease could lie dormant for months without symptoms in a female. (Tr. Oct. 25, 1988, at 3-9.)

Petitioner denied touching the complainant in a sexual way or taking off her clothes. He testified that he and the complainant were talking and wrestling in the attic on the date in question. He also testified that he never had gonorrhea and was not presently infected with the disease. (*Id.* at 10-13.) The trial court found Petitioner's testimony to be incredible and the complainant's testimony to be credible. (*Id.* at 17-19.)

Deference must be given to a trial court's assessment of the evidence, *House*, 126 S.Ct. at 2078, which established that Petitioner sexually penetrated a child under thirteen years of age. Even accepting as true Petitioner's statement that he remained free of gonorrhea although the complainant was infected does not establish that Petitioner could not have sexually penetrated the complainant to the extent necessary to be guilty of the crime of conviction. There was no testimony identified to the court that contraction of the disease is inevitable upon contact with an infected individual, so a

7

finder of fact might conclude Petitioner could have simply avoided infection on the date in question.  Although complainant would not have acquired the disease from Petitioner -- again assuming the truth of his testimony -- she could have acquired the disease from another source. Even if the disease were assumed to be highly contagious, the fact that Petitioner was not infected is not *new* evidence, since he testified at trial that he was not infected.  Petitioner has failed to submit any new evidence of actual innocence. Therefore, he is not entitled to equitable tolling of the limitations period.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's habeas corpus petition [Dkt #1] is DISMISSED.

IT IS FURTHER ORDERED that Respondent's motion for summary judgment [Dkt # 5] is GRANTED.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  March 5, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 5, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522