**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

ANTHONY A. NELSON,

        Petitioner,

v.                                                 Case No. 2:06-12175

JOHN PRELESNIK,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF
APPEALABILITY AND GRANTING PETITIONER'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS**

Petitioner Anthony A. Nelson has appealed the court's opinion and order dismissing his habeas corpus petition for failure to comply with the one-year statute of limitations. Currently pending before the court are Petitioner's motion for a certificate of appealability (COA) and his application to proceed without prepayment of the fees and costs for his appeal.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court denied Petitioner's habeas petition on a procedural ground: the statute of limitations. Petitioner does not deny that he failed to comply with the statute of limitations. He maintains that he is actually innocent of the crime for which he was convicted (first-degree criminal sexual conduct) and that the question of actual innocence is worthy of appellate consideration. The court considered Petitioner's claim of actual innocence in its dispositive opinion and concluded that he had failed to submit any new and credible evidence of actual innocence. Reasonable jurists would not debate whether the court's procedural ruling was correct or whether the habeas petition states a valid claim of the denial of a constitutional right.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although the court declines to issue a certificate of appealability, the court cannot conclude that Petitioner's claims are frivolous. Accordingly,

IT IS ORDERED that the motion for a certificate of appealability [Dkt. # 29] is DENIED.

IT IS FURTHER ORDERED that the application to proceed without prepayment

of fees and costs [Dkt. # 27] is GRANTED.

                                            S/Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

Dated: August 17, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2007, by electronic and/or ordinary mail.

                                              S/Lisa Wagner  
                                              Case Manager and Deputy Clerk  
                                              (313) 234-5522